**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**RUTHLEONA CLEMENT,**

                               **Plaintiff,**

             **-against-**

**UNITED HOMES, LLC, et al.,**

                             **Defendants.**
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**10-CV-2122 (RRM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court, on a referral from the Honorable Roslynn R. Mauskopf, is a motion filed by *pro se* plaintiff Ruthleona Clement ("plaintiff" or "Clement"), on September 3, 2010, for default judgments against various defendants. See Motion for Default Judgment (Sept. 3, 2010), ECF Docket Entry ("DE") #15; Order Referring Motion (Sept. 10, 2010). Citing concerns about whether certain defendants had notice of the pendency of the case, as well as the early stage of the case and "the judiciary's preference for resolution of cases on their merits," this Court issued an order, on September 16, 2010, giving the defaulting defendants until October 8, 2010 to respond to plaintiff's complaint. Memorandum and Order (Sept. 16, 2010), at 1, DE #16. Since that time, all defendants have responded to the complaint, with the exception of First United Mortgage Banking Corp. ("First United"), and all but First United appeared at an initial conference held before the undersigned magistrate judge on November 19, 2010.

At that conference, this Court denied plaintiff's motion for default judgments against those defendants who had, in the interim, entered appearances in the case, and proposed that,

as to defendant First United, the inquest on damages be deferred until resolution of the claims against the non-defaulting defendants. See Minute Entry (Nov. 19, 2010), at 1, DE #29. This opinion sets forth the reasons for the Court's ruling as to First United.

## DISCUSSION

In a complaint adapted from that filed in Barkley v. Olympia Mortgage Co., 04-CV-875 (KAM)(RLM), plaintiff Clement, a first-time minority homebuyer, sues various real estate companies, lenders and appraisers, claiming that they conspired to pressure her into purchasing an overvalued, defective home financed with a predatory loan that was part of a pattern targeting minority purchasers. Plaintiff alleges that all defendants discriminated against her in violation of federal anti-discrimination statutes, including the Fair Housing Act, 42 U.S.C. §§ 3604, 3605, and 42 U.S.C. §§ 1981, 1982, and 1985. She also asserts state law claims for fraud and conspiracy to defraud; violations of New York's consumer protection statute, New York General Business Law § 349; and violations of state and local anti-discrimination laws. She further alleges that her lender, First United, violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. See generally Compl. (May 10, 2010), DE #1.

According to a declaration executed on May 21, 2010, First United was served with the summons and complaint by hand-delivering copies to First United's authorized agent, Sepi Homa, at 9 Laurel Drive, Great Neck, New York 11021. See Summons Returned Executed (July 22, 2010), DE #12. Having been properly served, First United is deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (citing

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).

The Court need not deliberate at length about whether the claims against First United are well-pleaded. Suffice it to say, in Barkley v. Olympia Mortgage Co., No. 04 CV 875 (RJD)(KAM), 2007 WL 2437810 (E.D.N.Y. Aug. 22, 2007), Chief Judge Raymond J. Dearie addressed in detail the sufficiency of the complaint that served as the model for Clement's claims, and denied the defendants' motions to dismiss, except for several (including the TILA claim) that he ruled were time-barred. See id. at *23. In the absence of any attempt by the defaulting defendant, First United, to distinguish the instant complaint from that in Barkley, this Court adopts Judge Dearie's analysis regarding the sufficiency of the allegations.[1] As for the timeliness of Clement's claims, this Court deems the statute of limitations defense abandoned by First United's failure to appear and assert that defense: "[A] limitations defense may be waived and does not deprive a court of jurisdiction." Agamede Ltd. v. Life Energy v. Tech. Holdings, Inc., No. 04-CV-2985 (SMG), 2007 WL 201167, at *2 (E.D.N.Y. Jan. 23, 2007) (granting default judgment despite the fact that defendant may have had a meritorious limitations defense with respect to certain claims) (citing Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987) ("If a defendant fails to assert the statute of limitations defense, the district court ordinarily should not raise it *sua sponte*."); Day v. McDonough, 547 U.S. 198, 205 (2006)); see Doe v. Constant, 354 F.App'x 543, 545 (2d Cir. 2009) (affirming entry of default judgment and observing, *inter alia*, that "timeliness . . . is an affirmative defense that may be

---

[1] The Court expresses no opinion on the merits of the pending motions to dismiss filed by Ocwen Loan Servicing, LLC and by the Benshabat defendants.

forfeited or waived") (internal citation omitted).

For the foregoing reasons, Clement is entitled to entry of a default against First United, which has, by failing to appear, admitted all well-pleaded allegations as to liability. Nevertheless, this Court will defer the damages inquest against First United until after determination of Clement's claims against the answering defendants. As a general rule, where, as here, an action against several defendants charges them with joint and several liability and where fewer than all defendants are in default, the preferred practice is to defer the damages inquest until after disposition of the claims against the non-defaulting defendants. See, e.g., Miele v. Greyling, No. 94 Civ. 3674 (WK)(AJP), 1995 WL217554, at *3 (S.D.N.Y. Apr. 13, 1995); accord Meltzer v. Bullard, No. 95 Civ. 4502 (KMW)(AJP), 1995 WL 580201, at *2 (S.D.N.Y. Oct. 3, 1995). Deferring the inquest on damages will "avoid possible inconsistent judgments and [best serve] judicial economy . . . ." Miele, 1995 WL 217554, at *4.

## CONCLUSION

For the foregoing reasons, this Court finds that First United, having been properly served, is deemed to have admitted the well-pleaded allegations in the complaint and thus to concede liability; nevertheless, the Court defers the inquest on damages until the resolution of the claims against the non-defaulting defendants.

Any objections to this Memorandum and Order must be filed with the Honorable Roslynn R. Mauskopf on or before **December 17, 2010**. Failure to file objections in a timely manner may waive a right to appeal this order and the resulting District Court order.

The Clerk is directed to enter this Memorandum and Order into the ECF system, to

mail a copy to plaintiff, and to transmit a copy, via Federal Express, to First United Mortgage Bank Corp., attn: David Homayoon, at 9 Laurel Drive, Great Neck, NY 11021.

**SO ORDERED.**

Dated: Brooklyn, New York
November 30, 2010

**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**