UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RUTHLEONA CLEMENT,

                             Plaintiff,                               MEMORANDUM
                                                          AND ORDER

                  -against-                                      10-CV-2122 (RRM)

UNITED HOMES, LLC, et al.,

                             Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a motion filed by *pro se* plaintiff Ruthleona Clement ("plaintiff") for reconsideration of a Memorandum and Order dated September 9, 2013 (the "9/9/13 Memorandum & Order"), Electronic Case Filing Docket Entry ("DE") #93, in which this Court denied a prior motion for reconsideration of this Court's Memorandum and Order dated April 16, 2013 (the "4/16/13 Memorandum & Order"), DE #87. See Letter Motion for Reconsideration (Sept. 16, 2013) ("Pl. Mem."), DE #94.

       In essence, the 9/9/13 Memorandum & Order and the 4/16/13 Memorandum & Order (collectively, the "2013 Memoranda & Orders") denied plaintiff's motion to enjoin defendant America's Servicing Company ("ASC") from adversely reporting on the mortgage loans at issue in this case. In both of the 2013 Memoranda & Orders, the Court cited to a 2011 Report and Recommendation, in which the Court held that there was "no basis for restraining a party from making factually accurate and complete statements that a debt exists." Report and Recommendation (Feb. 11, 2011) ("2/11/11 R&R") at 2-3, DE #39; see also Order (Apr. 22, 2011), DE #41.

       In her latest motion for reconsideration, plaintiff argues that her original complaint

"raises the issue[s] of accuracy and completeness of mortgage documents obtained and disclosures made at closing." Pl. Mem. at 1. Thus, plaintiff alleges, because of those inaccurate and incomplete disclosures,"it cannot be argued that defendant ASC has been or is currently making factually accurate and complete statements that a debt exists." See id. at 3 (citing evidence adduced in discovery).

The time for challenging the accuracy of ASC's statements by moving for reconsideration has, however, long passed. It was in its February 11, 2011 Report and Recommendation that the Court first noted that ASC was entitled to report factually accurate and complete statements of debt. See 2/11/11 R&R at 2-3. Plaintiff did not timely move for reconsideration of that decision, nor did she ever file an objection with the Honorable Roslynn R. Mauskopf, who adopted that opinion in its entirety more than two years ago. For this reason, the Court denies plaintiff's most recent motion for reconsideration.

Finally, the Court is sympathetic to plaintiff, who is proceeding *pro se* and sincerely believes that an injustice has been done to her family. See Pl. Mem. at 4. That said, plaintiff's practice of filing serial motions for reconsideration -- even though filed in good faith -- must stop. Therefore, plaintiff is hereby directed to cease filing motions for reconsideration on the issue of ASC's reporting. Cf. Tafari v. Weinstock, No. 07CV693, 2010 WL 3420424, at *9 n.7 (W.D.N.Y. Aug. 27, 2010) (plaintiff's multiple motions for reconsideration "serve no purpose but to delay. . . [and] burden[] the Court's motion calendar"). Plaintiff is not precluded from filing an objection from this Order to the District Court.

## **CONCLUSION**

The Court declines to modify its 9/9/13 Memorandum & Order, in which it denied plaintiff's motion for reconsideration of its 4/16/13 Memorandum & Order. Plaintiff is directed to cease filing additional motions for reconsideration relating to ASC's reporting of the mortgage loans at issue.

**SO ORDERED.**

**Dated:** Brooklyn, New York
October 4, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**